IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| Monika Ahmadpour-Bahnamiri, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 1:18-cv-701 (LMB/TCB) |
| v. | ) | |
| U.S. Postal Service, | ) | |
| Defendant. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTIONS TO DISMISS

Defendant U.S. Postal Service, through its undersigned counsel and pursuant to Local Civil Rule 7(F), submits this memorandum in support of its motion to dismiss Plaintiff Monika Ahmadpour-Bahnamiri's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## INTRODUCTION

Plaintiff, a former employee of the U.S. Postal Service, brings this Title VII action following a 7-day suspension, two 14-day suspensions, and ultimately her termination for failure to follow instructions. Although suspensions and terminations are adverse employment actions under Title VII, Plaintiff's Complaint—even when viewed under the liberal reading the Court must afford her as a *pro se* party—lacks the factual allegations needed to plausibly suggest that these actions were motivated by unlawful discriminatory animus. While Plaintiff checks boxes next to "race," "color," "gender/sex," "religion," and "national origin" on her form Complaint when asked to identify the protected classes forming the basis of discrimination, she does not

1

indicate *what* her race, color, gender, religion, or national origin are.[1]  And where she is invited to provide the "facts" of her case, Plaintiff solely indicates that her supervisor "bothered" her "always" and asked her "why your [sic] not at the machine, he said that's not breack [sic] time." Compl. at 6.  Only in the attachment to her Complaint, a June 5, 2018 Order from the U.S. Equal Employment Opportunity Commission ("EEOC")'s Office of Federal Operations ("OFO") denying a request for reconsideration, is it even explained that she was repeatedly suspended and terminated.  But the OFO's June 5 Order does not provide any additional factual background or allegations, much less any that would give rise to a plausible claim that these employment actions were motivated by animus directed at Plaintiffs' protected status(es).  For these reasons, as the Fourth Circuit has held, Plaintiff's Complaint should be dismissed for failure to state a claim.

In addition, Plaintiff failed to name the Postmaster General as the proper party defendant.  Should the Court grant her leave to amend, she should be required to name the proper party defendant in any revised Complaint.

**FACTUAL BACKGROUND**

Plaintiff Monika Ahmadpour-Bahnamiri is a former employee of the U.S. Postal Service, who worked at a branch office in Merrifield, Virginia.  Compl. (Dkt. No. 1) at 1, 3.  Plaintiff's "complaint" in this action consists of a form pleading (*i.e.*, a "Pro Se 7," available online), and an attached order of the EEOC's OFO denying Plaintiff's request for reconsideration of its administrative ruling on her allegations.[2]  From these materials, it appears that she brings suit

---

[1] Of course, from her name and the use of female pronouns referencing her in the attachment to the Complaint, it is clear that Plaintiff is female.

[2] As required by the Rule 12(b)(6) standard, all citations to allegations in Plaintiff's Complaint are accepted as true for purposes of this motion.

alleging that the Postal Service violated Title VII when it (i) issued her a 7-day suspension on May 21, 2015; (ii) issued her two 14-day suspensions on July 3, 2015; and (iii) terminated her employment on September 18, 2015. *Id.* at 4, Ex. A at 1. Plaintiff alleges – in purely conclusory form – that the Postal Service actually discriminated against her on the basis of race, color, gender/sex, religion, and national origin. *Id.* at 4. Plaintiff does not, however, indicate her particular race, color, religion, or national origin. In the portion of the form complaint which directs her to describe the facts of her case, Plaintiff writes only the following:

> Supervisor bother me always about any thing happened at different machine put my fault, middle of the work I left machine to go to restroom he follow me asking why your not at the machine, he said that's not breack time, always I work at machine by myself they shoould be three people at machine, any time he coming check me I scared and shaking and after he left I cried…I can provid additional documents information I'm looking for an Attoney thanks.

*Id.* at 5-6 (typographic errors in original).

Following receipt of a notice from the EEOC OFO informing her of her right to bring suit in Federal Court, which provides no discussion of the factual underpinnings of these employment decisions, Plaintiff filed the instant Complaint on June 12, 2018.

**STANDARD OF REVIEW**

A motion pursuant to Rule 12(b)(6) serves to test the legal sufficiency of the plaintiff's complaint in relation to the factual averments she puts forward. Although a court must accept as true all well-pled allegations in adjudicating such a motion, it need not credit allegations that are merely conclusory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In *Iqbal*, the Court held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has factual plausibility when the plaintiff pleads factual content that allow the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although in Title VII cases "a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, factual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd on different grounds*, *Coleman v. Court of Appeals of Md.*, 566 U.S. 30 (2012). "While a plaintiff [in an employment discrimination suit] is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). And bare accusations are insufficient to state a plausible claim for relief, even where a plaintiff is proceeding *pro se*. *Fiorani v. Chrysler-Dodge Corp.*, No. 1:10CV989, 2011 WL 1085034, at *4 (E.D. Va. Mar. 18, 2011), *aff'd sub nom. Fiorani ex rel. 7 States' Attorney Generals v. Chrysler-Dodge Corp.*, 440 F. App'x 205 (4th Cir. 2011).

## ARGUMENT

### A. Plaintiff's Complaint Fails to State a Plausible Claim for Relief Under Binding Fourth Circuit Authority

Even under the liberal pleading standards afforded to *pro se* litigants, Plaintiff's Complaint is subject to dismissal because it does not state a plausible claim for relief under Title VII.

In this respect, it is well-settled that a plaintiff may establish liability under Title VII by either "(1) 'demonstrating through direct or circumstantial evidence that her [protected status] was a motivating factor in the employer's adverse employment action'; or (2) relying on the burden shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 [] (1973)." *Swaso v. Onslow Cty. Bd. of Educ.*, 698 Fed.Appx. 745, 747 (4th Cir. 2017) (quoting

*Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213-14 (4th Cir. 2007)). In the most traditional of circumstances, an employee utilizes the *McDonnell Douglas* standard, through which "a plaintiff must put forth a *prima facie* case of discrimination by establishing that: (1) she is a member of a protected class; (2) she 'suffered an adverse employment action'; (3) her job performance was satisfactory; and (4) the adverse employment action occurred 'under circumstances giving rise to an inference of unlawful discrimination.' " *Id.* (citing *Adams v. Tr. of Univ. of N.C.–Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011)). Importantly, however, "[w]hile a plaintiff need not plead a *prima facie* case to survive a motion to dismiss, a Title VII complaint is still subject to dismissal if it does not meet the ordinary pleadings standard under *Twombly* and *Iqbal*." *Green v. Sessions*, No. 117CV01365LMBTCB, 2018 WL 2025299, at *8 (E.D. Va. May 1, 2018) (Brinkema, J.) (citing *Swaso,* 698 Fed. Appx at 747–48).

Plaintiff's complaint falls well short of alleging a plausible claim of employment discrimination under binding Fourth Circuit authority. Although Plaintiff's multiple suspensions and ultimate termination would each constitute an adverse employment action, she has not pled non-conclusory factual allegations that would plausibly demonstrate (i) that, other than gender, she is a member of a protected class; or (ii) that the adverse actions occurred under circumstances giving rise to an inference of unlawful discrimination.

First, on her form Complaint, Plaintiff checks boxes indicating that she is a member of protected classes based on her race, color, gender/sex, religion, and national origin, but she fails to indicate the specific classes of which she is a member, despite the form Complaint providing space specifically for this reason and instructing her to "explain." Compl. at 5. Although it can be assumed through context that Plaintiff is asserting a case because she is female, based on her name and the use of female pronouns referencing her in the attachment to the Complaint, there is

no indication of her race, color, religion, or national origin. Her omission of this information is in and of itself is a failure to state a claim. *See Motley v. Virginia*, No. 3:16CV595, 2017 WL 1135613, at *8–9 (E.D. Va. Mar. 24, 2017) (finding that *pro se* plaintiff failed to allege he was a member of a protected class because "[a]lthough he claims race discrimination, [plaintiff] does not identify his race on the face of the Complaint."); *cf. Gray v. Home Depot*, No. 3:14CV488, 2015 WL 224989, at *5 (E.D. Va. Jan. 15, 2015) (dismissing discrimination case brought under 42 U.S.C. §§ 1981-82 where "the First Amended Complaint does not clearly allege facts showing that [plaintiff] is a member of a protected class" where he "repeatedly refers to the white men involved in this incident . . . as members of the 'non protected class,' but does not indicate his own race or allege his membership in a protected class.").

Second, and perhaps most crucially, Plaintiff fails to allege facts which would indicate that any adverse employment action was motivated by racial animus. In *McCleary-Evans v. Md. Dept't of Transp.*, the Fourth Circuit affirmed dismissal of an employment discrimination complaint on precisely this basis. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015). There, plaintiff alleged she was passed over for a position due to her employer's bias against African American women. *Id.* at 585. However, the only allegation she provided to support this conclusion was that two candidates of different races had been hired for the position. *Id.* at 585–86. The district court found such allegations did not state a plausible claim of discrimination. *Id.* at 584. The Fourth Circuit agreed: "While the allegation that non-Black decisionmakers hired non-Black applicants instead of the plaintiff is consistent with discrimination, it does not alone support a reasonable inference that the decisionmakers were motivated by bias." *Id.* at 586 (emphasis in original); *see also Coleman*, 626 F.3d at 190–91 ("Here, although Coleman's complaint conclusorily alleges that Coleman was terminated based

on his race, it does not assert facts establishing the plausibility of that allegation.")

Here, Plaintiff's complaint falls short of even the conduct alleged in *McCleary-Evans*. Plaintiff's Complaint simply alleges that she was suspended multiple times and eventually terminated from employment; she does not even go so far as to allege other employees were treated differently than her. As a result, Plaintiff's Complaint fails to state *any* basis to connect alleged adverse actions taken against her to her protected status.[3]

Although Plaintiff is entitled to a liberal construction of her Complaint, this requirement does not "excuse a clear failure in the pleading to allege a federally cognizable claim." *Clarke v. City of Petersburg*, No. 3:15CV470, 2015 WL 13604126, at *2 (E.D. Va. Aug. 21, 2015), *aff'd*, 696 F. App'x 644 (4th Cir. 2017) (dismissing Title VII claims). Plaintiff's Complaint should be dismissed.

### B. Plaintiff Failed to Name the Proper Defendant

In addition, Plaintiff failed to name the proper party defendant. The statute that waives the United States' sovereign immunity for Title VII claims requires a person complaining of race, color, religion, sex, or national origin discrimination to file a civil action within 90 days of a notice from the employing agency or the EEOC, and expressly notes that "the head of the department, agency or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c); *see also Campbell v. Dep't of Navy*, 894 F.2d 401 (4th Cir. 1990) (affirming dismissal where the

---

[3]Indeed, another Eastern District jurist dismissed a Title VII claim pled in much the same way as Plaintiff's claim here. In *Hooker v. Disbrow*, 2017 WL 1377696 (E.D. Va. Apr. 13, 2017) (Lee, J.), a former employee of the Air Force filed a complaint that similarly provided nothing more than a conclusory sentence about the employment discrimination claims that she wished to present, and attached to that complaint a decision issued by an EEOC Administrative Judge concerning her claims. *Id.* at *1. Judge Lee dismissed that complaint, holding, *inter alia*, that the employee's conclusory paragraph and attached EEOC decision did not state a plausible claim under Title VII. *Id.* at *3-4.

Secretary of the Navy was not a party defendant and was not served within the appropriate period); *Gardner v. Gartman*, 880 F.2d 797, 799 (4th Cir. 1989) (same). In informing her that she had the right to file a civil action, the EEOC OFO instructed Plaintiff that she "must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title" and that "[f]ailure to do so may result in the dismissal of your case in court." Compl. Ex. A at 2. Although Plaintiff did serve the U.S. Postal Service within the proper 90-day time frame, which provided the Postmaster General with notice of the case, the Court should nevertheless require her to name the Postmaster General as the appropriate party defendant.

## CONCLUSION

Bare accusations are insufficient to state a plausible claim for relief, even where a plaintiff is proceeding *pro se*. *Fiorani v. Chrysler-Dodge Corp.*, No. 1:10CV989, 2011 WL 1085034, at *4 (E.D. Va. Mar. 18, 2011), *aff'd sub nom. Fiorani ex rel. 7 States' Attorney Generals v. Chrysler-Dodge Corp.*, 440 F. App'x 205 (4th Cir. 2011). Because Plaintiff's Complaint fails to provide any allegations to support a claim of employment discrimination, it should be dismissed. In addition, should the Court grant Plaintiff leave to amend, it should require her to name the proper party defendant.

Dated: August 27, 2018  Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

*By*: _____/s/_____
JOHN V. COGHLAN
Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314

8

Tel: (703) 299-3738  
Fax: (703) 299-3983  
Email: john.coghlan@usdoj.gov  
*Counsel for Defendant*

OF COUNSEL:

Sion New III  
Attorney  
U.S. Postal Service

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, and will mail a copy of the foregoing to Plaintiff, a non-filing user, via first class mail and electronic mail to the following address:

Monika Ahmadpour-Bahnamiri
821 Ashboro Dr.
Alexandria, VA 22309

                                                  /s/
                              JOHN V. COGHLAN
                              Assistant United States Attorney
                              Office of the United States Attorney
                              Justin W. Williams U.S. Attorney's Building
                              2100 Jamieson Avenue
                              Alexandria, Virginia 22314
                              Tel:   (703) 299-3738
                              Fax:   (703) 299-3983
                              Email: john.coghlan@usdoj.gov
                              *Counsel for Defendant*